**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1691-DOC (MLGx)            Date: December 3, 2013

Title: YEOTA CHRISTIE v. THE BANK OF NEW YORK MELLON, N.A., ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Denise Vo | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION FOR RECONSIDERATION [29]**

Before the Court is Plaintiff Yeota Christie's ("Plaintiff" or "Ms. Christie's") Motion for Reconsideration ("Motion") of the order granting Defendant Bank of New York Mellon's ("Defendant" or "New York Mellon's") Motion to Dismiss. Dkt. 29. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

### I.    BACKGROUND

The facts of this case have been recited in numerous pleadings and in this Court's August 27, 2013 Order. *See* Order Denying Plaintiff's Motion for Judgment on Partial Findings and Granting Defendant's Motion to Dismiss (Dkt. 28). At issue in this Motion is the timing and impact of a decision from the Court of Appeal of California: *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (2013).

On July 31, 2013, after this Court had taken the Motion to Dismiss under submission, the Court of Appeal of California rendered its opinion in *Glaski*. Mot. at 1. On August 8, 2013, the opinion was published. *Id.* at 2.

Nineteen days later, on August 27, 2013, this Court issued an order granting New York Mellon's Motion to Dismiss. *Glaski* was first brought to this Court's attention when Ms. Christie filed the instant Motion to Reconsider that order.

## II.     DISCUSSION

"[A] motion for reconsideration should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatamu*, 342 F.3d 934, 945 (9th Cir. 2003); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Specifically, such a motion may be granted only on grounds of:

> "(a) *a material difference in* fact or *law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision*, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

Local Rule 7-18 (emphasis added).

Parties do not argue that there was either a change of law occurring after this Court's decision or that this Court failed to consider material facts. Rather, Ms. Christie's argument rests on the first basis for reconsideration: a material difference in law that could not have been known in the exercise of reasonable diligence.

Ms. Christie asserts that "[c]ounsel for the plaintiff did not discover . . . that the *Glaski* case was published until September 7, 2013." Mot. at 3. New York Mellon responds that, "Plaintiff does not present any facts indicating *Glaski* could not have been known to plaintiff in the exercise of due diligence prior to this Court's ruling." Opp'n to Mot. at 3. The Court agrees for two independent reasons.

First, *Glaski* does not present a "material difference" in the law. It is true that *Glaski* would have weighed in Ms. Christie's favor. However, the decision of one California appeals court is not controlling, especially when it is at odds with two others: *Arabia v. BAC Home Loans Servicing L.P.*, 208 Cal. App. 4th 462 (2012) and *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013). Indeed, other federal district courts have declined to follow *Glaski*. *See, e.g.*, *Newman v. Bank of New York Mellon*, 2013 WL 5603316, at *3, n.2 (E.D. Cal. Oct. 11, 2013); *Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 WL 5568737, *8-9 (S.D. Cal. Oct. 3, 2013). Here, the Court does not face the question of whether it finds *Glaski* persuasive. Rather, the Court answers the narrow question of whether, looking back, *Glaski* represents a material difference in the law. It does not.

Second, even if we assumed that *Glaski* presents a material difference in the law, Ms. Christie has not shown that the decision "could not have been known" in the "exercise of reasonable diligence."

*See* Local Rule 7-18(a).  Ms. Christie had one month since *Glaski* was decided and nineteen days since it was published in order to bring the decision to this Court's attention.  Yet, the Court was first notified of *Glaski* two weeks after it issued its order, when Ms. Christie filed the instant motion.  Instead of explaining why the case could not have been known "in the exercise of reasonable diligence," Ms. Christie merely points the finger at Defendant Bank of America for not bringing the case to the Court's attention.  Reply at 3-5.  In short, it is not enough for Ms. Christie to show that she *did not* discover the material difference in law; she must show that she *could not have* discovered the material difference in the exercise of reasonable diligence.

The onus is on Ms. Christie, the movant, to show why the Court should reconsider its previous ruling.  She has not done so.  Accordingly, the motion for reconsideration is denied because the Court is not presented with "highly unusual circumstances[.]"  *See Carroll*, 342 F.3d at 945.

### III. DISPOSITION

For the reasons stated above, Plaintiff's Motion for Reconsideration is DENIED.

The Clerk shall serve this minute order on the parties.

Clerk's Initials: dv